## IN THE COURT OF APPEALS OF IOWA

No. 23-0890
Filed July 13, 2023

**IN THE INTEREST OF N.R.,**
**Minor Child,**

**R.R., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen,
District Associate Judge.

A mother appeals the termination of her parental rights to a child.
**AFFIRMED.**

Daniela Matasovic of Matasovic Law Firm, Ames, for appellant mother.

Brenna Bird, Attorney General, and Michelle R. Becker, Assistant Attorney
General, for appellee State.

Shannon M. Leighty of Public Defender Office, Nevada, attorney and
guardian ad litem for minor child.

Considered by Schumacher, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

A mother appeals the termination of her parental rights to a one-year-old child. She contends the State failed to prove both the grounds for termination and that termination is in the child's best interests. She also seeks to avoid termination based on one of the circumstances set out in Iowa Code section 232.116(3) (2023). Following our de novo review, *see In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022), we affirm the order terminating her parental rights.

The mother gave birth to the child in March 2022.[1] Because the child was born preterm and small for gestational age, the mother received detailed instruction on feeding the child to assist with growth. But three weeks after discharge from the hospital, the child was readmitted for failure to thrive. A child-abuse assessment alleging denial of critical care found the mother failed to provide adequate food to the child. As a result, the child was removed from the mother's custody and placed with a foster family. In May 2022, the juvenile court adjudicated the child a child in need of assistance (CINA).

Over the next year, the mother was offered mental-health services and services to improve her parenting. She never completed a psychological evaluation and struggled with parenting after months of services. After a second parenting assessment in February 2023, the evaluator found the mother had "made some progress" but remained "at high risk as a parent." Visits with the child remained supervised as the mother relied on others to manage the child's mood and needed breaks to control her own emotion.

---

[1] The mother has an older child and a younger child. None of the children are in her custody.

When concerns about the mother's ability to provide the child with a safe and stable home persisted one year after the child's removal, the State petitioned to terminate her parental rights. The termination hearing was held in May 2023. Four days later, the juvenile court terminated the mother's parental rights under Iowa Code section 232.116(1)(e) and (h).[2]

The mother first challenges the grounds for termination. We may affirm if sufficient evidence supports either ground relied on by the juvenile court. *See In re W.M.*, 957 N.W.2d 305, 313 (Iowa 2021). The court may terminate parental rights under Iowa Code section 232.116(1)(h) if it finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated [CINA] pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother challenges the evidence showing the child could not be returned to her custody without facing risk of harm sufficient for a CINA adjudication. *See* Iowa Code § 232.102(8) (stating that the court can return a child to the home if a preponderance of the evidence shows the child will not suffer harm that would lead

---

[2] We credit the court for the candid and detailed observations it included in its credibility findings, which aid our review and understanding of the record. For example, the court found it would be "easy and inaccurate" to label the mother as "disorganized and neglectful" when "[s]he is the product of a traumatic and abusive childhood that has severely impacted her mental health." Although the court found the mother was truthful and credible, we agree that it is not enough to preclude termination on the facts before us.

to a CINA adjudication); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" to mean at the time of the termination hearing).

Clear and convincing evidence shows the child cannot be safely returned to the mother's custody. The evaluator who conducted both parenting assessments urged caution in reunifying the mother and child as the evaluator could not find the child would be safe in the mother's custody. One example is the mother's ongoing need for assistance in caring for the child during supervised visits. The mother also lacked stable income or housing at the time of the termination hearing, and she lived with a friend whose last name she did not know. Her lack of compliance with managing her mental health compounds these concerns.

The mother also contends termination of her parental rights is not in the child's best interest. We determine best interests using the framework described in section 232.116(2). *See W.M.*, 957 N.W.2d at 313. That provision requires that we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" of the best-interests analysis are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted).

Termination is in the child's best interests. One year after removal, the child could not be returned to the mother's custody. That is twice the time required under section 232.116(1)(h). Once the statutory period lapses, "termination proceedings must be viewed with a sense of urgency." *In re A.B.*, 956 N.W.2d

162, 169 (Iowa 2021) (citation omitted). With the little progress the mother made during the CINA proceedings, there is no evidence that the mother will ever be able to provide safe parenting. *See In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (noting a parent's past performance shows the quality of the future care that parent can provide). We will not deprive the child of permanency based on hope that the mother will someday learn how to parent and be able to provide a stable home. *See In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016); *In re C.D.*, 509 N.W.2d 509, 513 (Iowa Ct. App. 1993) (recognizing that "the permanency and stability needs of the child[] must come first").

Finally, the mother argues against termination under Iowa Code section 232.116(3). That subsection lists circumstances under which the court "need not terminate the relationship between the parent and child." Iowa Code § 232.116(3). Section 232.116(3)(c) applies when clear and convincing evidence shows "termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The decision to avoid termination based on the provisions of section 232.116(3) is "permissive, not mandatory." *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).

The mother bears the burden of establishing one of the circumstances listed under section 232.116(3). *See id.* at 476. Although the evidence shows she has a bond with the child, there is no showing that termination will cause detriment. *See A.B.*, 956 N.W.2d at 169 (noting "the existence of a bond is not enough" to apply section 232.116(3)(c)). Because the mother has failed to show termination would harm the child, we affirm.

**AFFIRMED.**